UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY MERIWETHER, individually and on behalf of all others similarly situated, ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:13 CV 651 CDP |
| BEVERLEY HILLS LIQUOR & GROCERY INC., et al., ) ) ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff was a cashier at Beverley Hills grocery and liquor store from August 2009 until February 2011. Beverley Hills is jointly owned by defendants Mike Jabbar and his son Tim Jabbar. Plaintiff alleges that she and other similarly situated employees were denied overtime compensation at a rate equal to one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per week. Plaintiff brings a collective action for unpaid compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of herself and others similarly situated.¹ Plaintiff now moves for conditional certification of this

---

¹Plaintiff's complaint also seeks to certify a class action under Federal Rule of Civil Procedure 23 for a state law statutory claim under the Missouri Minimum Wage Law (MMWL), Mo. Rev. Stat. § 290.500 et seq. However, plaintiff did not timely move for class certification under the provisions of the case management order and admitted during oral argument on her

case as a collective action under FLSA so that she may notify certain of defendants' past and present employees of this action and provide them the opportunity to "opt in" as plaintiffs to this litigation.[2]  Defendant opposes conditional certification on various grounds.  I held a hearing on plaintiff's motion on January 9, 2014.  After careful consideration of the arguments of the parties made during that hearing, as well as the briefs and exhibits previously filed, I must deny plaintiff's motion for the reasons that follow.

## Background

Plaintiff's cashier duties included operating the cash register, greeting customers, some stocking of shelves, operating the lottery terminal, cleaning, occasionally ordering inventory, and other miscellaneous duties.  Her normal schedule was Monday through Friday, 8:00 a.m. to 3 p.m., which amounts to 35 hours per week.  Since April 2010, Beverley Hills has employed approximately 15 cashiers (usually no more than five at one time), three of which are salaried

---

motion for conditional certification that she had abandoned her class action claim set out in Count II of her complaint.  Therefore, class action certification will be denied on plaintiff's state law claim.

[2]Plaintiff seeks to hold not only Beverley Hills Liquor & Grocery liable as her employer, but also owners Mike and Tim Jabbar.  Defendants do not dispute this for FLSA purposes, but object to plaintiff's attempt to conditionally certify a class which includes not only Beverley Hills' employees, but also employees of any business owned by Tim Jabbar.  I need not reach this issue because I find that plaintiff has failed to demonstrate that conditional certification is appropriate even with respect to the employees of Beverley Hills, much less the employees of unrelated businesses owned by one of the defendants.

employees. Plaintiff was classified as a non-exempt employee. Beverley Hills had three stock boys during this time period, and they were non-exempt employees, too.

Beverley Hills recorded hours worked by its non-exempt employees in a ledger kept in the manager's office known as the "bluebook." All cashiers and managers have access to the bluebook.[3] Cashiers were told to write down their hours in the bluebook as worked. However, if a cashier arrived late, she might be expected to just stay late to make up the time even if the bluebook showed her coming and going on her normal schedule. Some times were also scratched out in the bluebook.[4] Thus, the bluebook may not have always accurately reflected the times an employee actually clocked in and out, even though defendants contend that it accurately reflected the amount of time actually worked. Employees were paid on a weekly basis in cash and never received a paycheck or paystub documenting their wages. They were required to sign a weekly payroll register showing hours worked before getting their money. The payroll report does not

---

[3]Stock boys do not. Managers record their time for them in the bluebook.

[4]Defendants claim that these scratch outs were done either by the employees themselves or by managers with the knowledge and consent of employees to reflect times actually worked. Plaintiff disputes this and claims that defendants altered bluebook time entries, but in her deposition she admits that she could not name any other cashiers whose time entries were improperly altered.

contain an hourly rate of pay, does not show how many hours were worked per day, and incorrectly states that employees were paid by check.[5]

Plaintiff alleges that she worked extra shifts but was told not to record them in the bluebook because "we don't pay overtime."[6]  She claims that she was paid in cash separately for these extra shifts but that she did not receive overtime pay for them.  Plaintiff also alleges that she was not given any breaks.

Plaintiff did not file a verified complaint, and she did not sign an affidavit in support of her motion for conditional certification.  The sole affidavit submitted in support of plaintiff's motion is that of Patricia McCombs. [Doc. # 18].  McCombs avers that she has personal knowledge of the facts asserted because she was a cashier at Beverley Hills from March to April 2010,[7] which is outside the statute of limitations period for conditional certification purposes.  Thus, McCombs is not even a potential class member.  McCombs states that "for any hours over forty (40)

---

[5]If plaintiff's allegations are taken as true, presumably the payroll report would not show any overtime hours worked, either, because those hours were tracked separately and paid at the end of her shift.  Although unclear from the complaint or plaintiff's brief, apparently this is the basis for plaintiff's allegation that she was "required to agree to falsified records of work hours in order to maintain employment." [Doc. # 1 ¶ 18].

[6]In her deposition, plaintiff testified that she was told this in either June or July of 2010 by defendant Tim Jabbar.  No one else was present for this alleged conversation.

[7]Although plaintiff's counsel stated during oral argument that McCombs may have also previously worked for another business owned by one of the defendants, he presented no evidence to confirm this and, in any event, McCombs does not aver that her knowledge comes from her employment anywhere other than Beverley Hills.

hours per week worked, I was not paid time-and-a-half, was paid cash, and the hours were not recorded by Defendants." [Doc. # 18-5 ¶ 5]. She also claims that "[d]efendants altered my time sheets in a 'bluebook' kept to track cashier hours." [[Doc. # 18-5 ¶ 8]. McCombs avers that "[f]or hours worked beyond a set schedule, defendants would pay me separately in the form of cash" and that she saw other cashiers "get paid in the same illegal fashion." [Doc. # 18-5 ¶ ¶ 8-9]. Yet McCombs actually only worked two weeks for Beverley Hills, with five hours in one week and nineteen hours the second.

With the instant motion, plaintiff requests an order granting conditional class certification certifying this case as a collective action and authorizing plaintiff to send notice under § 216(b) of the FLSA to "all current and former employees of defendants who work as cashiers in excess of forty (40) hours in a workweek and were denied overtime compensation at a rate of one-and-one-half times their regular rate of pay" for a three year period.

Discussion

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. The Act also provides

that any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Id. The FLSA does not define the term "similarly situated."[8] Although the Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b), the district courts in this circuit use a two-step analysis. See e.g., Simmons v. Enterprise Holdings, Inc., 2011 WL 855669, *2 (E.D. Mo. Mar. 9, 2011); Littlefield v. Dealer Warranty Services, LLC, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010); Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159 (D. Minn. 2007); Davis v. Novastar Mortgage, Inc., 408 F. Supp. 2d 811 (W.D. Mo. 2005); Dietrich v. Liberty Square, L.L.C., 230 F.R.D. 574 (N.D. Iowa 2005); McQuay v. American International Group, Inc., 2002 WL 31475212

---

[8]A 216(b) collective action differs from class actions brought under Rule 23 of the Federal Rules of Civil Procedure. Davis v. Novastar Mortgage, Inc., 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005). A primary distinction is that under FLSA a similarly situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must "opt-out" to avoid being bound by the judgment. Id. See also Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).

(E.D. Ark. 2002).

As is typical under the two-step process, plaintiff has moved for conditional certification for notice purposes at an early stage of the litigation. See Davis, 408 F. Supp. 2d at 815. At this first step in the process, I do not reach the merits of her claims. Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (citation omitted). Plaintiff's burden at this stage is not onerous. See Kautsh, 504 F. Supp. 2d at 688; Smith v. Heartland Automotive Services, Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (burden at first stage is "not rigorous"). Conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Davis, 408 F. Supp. 2d at 815. "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." Fast v. Applebee's International, Inc., 2007 WL 1796205, *3 (W.D. Mo. June 19, 2007).[9] However, plaintiff must establish a colorable basis for her claim by providing "more than the mere averments in [her] complaint." Severtson v. Phillips Beverage Co., 141 F.R.D. 276, 278-79 (D. Minn. 1992); Jost v. Commonwealth Land Title

---

[9]That determination is made during the second step of the process, after the close of discovery. Id.

Ins. Co., 2009 WL 211943, *2 (Jan. 27, 2009). The burden may be met by "detailed allegations supported by affidavits," Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996), but "[u]nsupported assertions that FLSA violations were widespread and that additional plaintiffs" exist do not meet this burden. Hayes v. Singer, Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983). "Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." Heartland, 404 F. Supp. 2d at 1149 (citation omitted). Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." Parker, 492 F. Supp. 2d at 1159.

At the second step of the process, the defendant may move to decertify the class. See Dernovish v. AT&T Operations, Inc., 2010 WL 143692, *1 (W.D. Mo. Jan. 12, 2010). This is typically done after the close of discovery when I have more information and am able to make a factual determination as to whether the members of the conditionally certified class are similarly situated. See Davis, 408 F. Supp. 2d at 815. To be similarly situated, however, "class members need not be identically situated." Fast, 2007 WL 1796205, *4 (W.D. Mo. June 19, 2007).

I find that plaintiff has failed to meet her relatively low burden of demonstrating that conditional certification is appropriate. Plaintiff has not come forward with substantial allegations that she and the other members of the

proposed collective action were victims of a single decision, policy or plan to deprive them of overtime compensation. Although plaintiff points to defendants' failure to keep adequate time and pay records as evidence of a common policy, both parties agree that there is no private right of action for record-keeping violations under the FLSA. See Vengurlekar v. Silverline Technologies, Ltd., 220 F.R.D. 222, 230 n.8 (S.D.N.Y. 2003). While evidence of an unlawful record-keeping system may support plaintiff's allegation that defendants' records were inaccurate, it does not demonstrate that plaintiff and other potential class members were victims of a common policy or plan to violate the FLSA by denying them overtime compensation.[10] There is certainly evidence in the record to support plaintiff's individual claim that she was denied overtime compensation.[11] This is not enough for conditional certification, though, because plaintiff must also "show that there is some factual basis beyond the mere averments in [her] complaint for

---

[10] The same is true of plaintiff's argument that cash payments to employees represent a common policy or plan. The fact that all employees were paid in cash -- something which plaintiff does not allege violates the law -- does not mean they were subject to a common policy to deny them overtime compensation. Although not explicitly argued, I make the same finding with respect to plaintiff's claims about defendants taking cash drawer shortages out of the cashier's pay.

[11] This evidence was not supplied by plaintiff. Unverified allegations in a complaint are not evidence, see Jost, 2009 WL 211943, at *2, and plaintiff signed no affidavit in support of her motion. Although defendants initially provided only excerpted portions of plaintiff's deposition testimony in opposition to conditional certification, they later provided her entire deposition and I have read and considered it.

the class action allegations." West v. Border Foods, Inc., 2006 WL 1892527, *2 (D. Minn. July 10, 2006) (citations and quotations omitted).

Here, plaintiff has been unable to demonstrate that she is similarly situated to any other employee. In her deposition testimony, plaintiff admits that she cannot identify any potential class member other than herself who was not properly paid overtime wages or whose hours were improperly altered so as not to reflect overtime hours worked. Defendants Mike and Tim Jabbar testified that the scratch outs in the bluebook were either made by the employee or by a manager to more accurately reflect hours actually worked, not to prevent an employee from recording overtime hours. Although plaintiff offers the Jabbars' deposition testimony in support of her motion, it does nothing to demonstrate that plaintiff was similarly situated to any other potential class members or that she and potential class members were subject to a common policy, plan or scheme to deny them overtime pay. The Jabbars both testified that there is no such policy and that cashiers are trained when hired to properly record all time worked.

The only affidavit offered in support of conditional certification is that of McCombs, which does not support plaintiff's class claim, either.[12]  McCombs is

---

[12]In the pending motion to strike McCombs' affidavit [Doc. #21], the parties spend a great deal of time arguing about whether I should consider McCombs' affidavit using the more rigorous requirements of Fed. R. Civ. P. 56 – which would require it to be excluded unless it met the test for admissibility – or whether I should apply a more lenient standard given the nature of the

not a potential class member and worked at Beverley Hills for a few hours over a very short period of time. More importantly, she never worked any overtime. That she never received overtime pay, then, is of no moment to the question of whether defendants actually had a common policy of denying overtime compensation for those employees who actually worked overtime. The remainder of her affidavit is so vague and conclusory as to be devoid of any usefulness to the Court, particularly when it uses stilted language written in such a way as to conceal the fact that she never actually worked any overtime for Beverley Hills. See Wacker v. Personal Touch Home Care, Inc., 2008 WL 4838146, *3-*4 (Nov. 6, 2008) (where defendant demonstrated that plaintiff's sole affidavit in support of certification was not true, was not based on actual personal knowledge, and was submitted by an affiant who did not actually work 40 hours per week, denial of conditional certification was appropriate). What I am left with, then, is no evidence -- either by affidavit or deposition -- that any potential class member other than the plaintiff ever worked overtime without overtime pay. That plaintiff's rights may have been violated under the FLSA, however, is insufficient to demonstrate that conditional

---

proceedings. I need not resolve this issue because I conclude that, under any standard, McComb's affidavit is not helpful and does not support plaintiff's claims of the existence of a common policy or plan to deprive Beverley Hills employees of overtime compensation. Accordingly, I will deny the motion to strike as I have considered the affidavit and accorded it such weight as I deemed appropriate.

certification is warranted.

It is important to note that I make no rulings on the merits of this case, which will be addressed at a later time, nor have I considered the affidavits submitted by defendants from other Beverley Hills cashiers who claim they were not paid improperly.[13]  I also reject defendants' arguments that an alleged lack of interest in a collective action by potential class members is an appropriate factor to consider when deciding whether to conditionally certify a collective action.  See Ondes v. Monsanto Co., 2011 WL 6152858, *5 (Dec. 12, 2011).  Although the burden on plaintiff is not great, I find that plaintiff has not demonstrated that she is similarly situated to any other potential class members based on the individualized evidence presented.[14]  Accordingly, I will deny plaintiff's motion for conditional certification.

Finally, after careful consideration I will deny the pending motion to compel.  Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to conditionally certify

---

[13]Defendants play their own game of "hide the ball" by submitting affidavits from cashiers who are actually salaried (and therefore exempt) employees as evidence that conditional certification is not warranted.

[14]Considering the substantial nature of the allegations made by plaintiff regarding her own FLSA claim and defendants' woefully inadequate record-keeping procedures, I would urge the parties to make a serious effort to resolve this dispute through mediation rather than continued litigation.

collective action [#18] is denied.

**IT IS FURTHER ORDERED** that class action certification on Count II of the complaint is denied as plaintiff failed to timely move for class certification.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [#13] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to strike [#21] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of January, 2014.